UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERSON CONDE OROZCO,

                       Petitioner,

      -against-

KENNETH GENALO, *et al.*,

                    Respondents.

**MEMORANDUM DECISION AND ORDER**

26-cv-4262 (BMC)

Petitioner, through counsel, asked respondents to provide various documents relating to his ongoing detention. Respondents declined, and correctly noted that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Petitioner now asks the Court to compel production because (1) these documents aren't "discovery" materials and (2) even if they were, he has shown good cause for them. See Yosef v. Killian, 646 F. Supp. 2d 499, 504 n.4 (S.D.N.Y. 2009). The Court disagrees.

When petitioner's counsel sought the documents directly from respondents, he characterized them as "the standard set of documents that ICE is required by law and regulation to generate when it arrests and detains a noncitizen." But conspicuously absent from this motion are whatever those laws and regulations are. Instead, counsel now cites the Federal Rules of Criminal Procedure, analogizing the documents to "an indictment or information . . . which are documents provided . . . outside of the discovery process." This argument was dead on arrival; it is black-letter law that "removal proceedings are civil in nature." Padilla v. Kentucky, 559 U.S. 356, 365 (2010).

As for "good cause," petitioner states these "are the core documents setting the government's factual and legal basis for detaining [petitioner]." But respondents have already produced that information: when they opposed this habeas petition, respondents included a declaration by an ICE officer, which explicitly cites some of the documents that petitioner seeks. Petitioner seems to argue that good cause exists because respondents did not produce the originals, and instead recounted their underlying facts in a declaration. But "federal courts must not privilege form over substance," Carey v. Saffold, 536 U.S. 214, 232 (2002), and to conclude "good cause" exists under those circumstances would do just that. Accordingly, petitioner's motion to compel is denied.

**SO ORDERED.**

_Brian M. Cogan_

U.S.D.J.

Dated: Brooklyn, New York
           August 4, 2026